**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHAD HUGHES** | **CIVIL ACTION** |
| **VERSUS** | **26-240-SDD-RLB** |
| **DAI YON LLC, ET AL.** | |

**ORDER**

This Order is issued *sua sponte* with respect to the sufficiency of Defendants' assertion in the Notice of Removal that this Court may properly exercise jurisdiction under 28 U.S.C. § 1334.

## I. Background

On August 2, 2024, Plaintiff Chad Hughes ("Plaintiff") initiated this action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana seeking injunctive relief, declaratory judgment, and damages against defendants, Connie Hargrave and Sarwat Gad. Plaintiff alleged a breach of fiduciary duty as managers of limited liability companies in which Plaintiff is a member, interfering with and/or denying Plaintiff's membership rights in those limited liability companies, violations of Louisiana's Unfair Trade Practices and Consumer Protection Laws ("LUTPA"), and unjust enrichment. (R. Doc. 1-6 at 1). Plaintiff alleged that he, Connie Hargrave, and Sarwat Gad were members of Tsunami Restaurants, LLC, Kabuki, LLC, Dai Yon, LLC, Hairando, LLC, and Yoi Okasan, LLC (collectively, the "Tsunami Entities"), which operated a chain of sushi restaurants. Plaintiff, Connie Hargrave, and Sarwat Gad were also allegedly members of Hausu 412, LLC and Lit Parking, LLC (collectively, the "Real Estate Entities"), which were created to purchase and/or lease the immovable commercial property where the sushi restaurants are, or would be, located. (R. Doc. 1-6 at 2). Plaintiff alleges Connie Hargrave and Sarwat Gad are attempting to terminate and/or deny Plaintiff's membership in the

Tsunami Entities and have not made any membership distributions to Plaintiff from the Tsunami Entities since March 2024. (R. Doc. 1-6 at 3).

On August 28, 2024, Defendant Sarwat Gad filed the Declinatory Exceptions of Improper Venue and Insufficiency of Service of Process. Defendant Connie Hargrave filed the Declinatory Exception of Improper Venue on November 6, 2024. At the hearing on the Exceptions of Improper Venue on December 3, 2024, the state court heard arguments from all parties and live testimony from Defendant Gad. The state court took the matter under advisement. (R. Doc. 1-6 at 244).

On December 12, 2024, Plaintiff filed his First Supplemental and Amended Petition, adding additional defendants and causes of actions. Plaintiff added Brandon Hargrave, Hairando, LLC (d/b/a Tsunami Sushi Highland), Tsunami Restaurants, LLC, Dai Yon, LLC, Kabuki, LLC, Yoi Okasan, LLC, Hausu 412, LLC, and Lit Parking, LLC as defendants in the matter (together with Connie Hargrave and Sarwat Gad, the "Defendants"). The causes of action in the Amended Petition included: (1) violation of LUTPA, (2) breach of fiduciary duties of loyalty and due care, (3) breach of contract, (4) unjust enrichment, (5) declaratory judgment that Plaintiff is, and has always been, a member of the Tsunami Entities, (6) injunctive relief, preventing Defendants from taking action on behalf of the Tsunami Entities until Plaintiff's status as a member is recognized/restored by the court, (7) damages, and (8) abuse of rights. (R. Doc. 1-6 at 140-154).

The parties engaged in significant additional pretrial motions, including seeking appellate review when warranted. The state court ultimately set a March 3, 2026 hearing date for the pending exceptions and injunction request. (R. Doc. 1-6 at 409).

On March 2, 2026, Defendants Hairando, LLC (d/b/a Tsunami Sushi Highland), Tsunami Restaurants, LLC, Dai Yon, LLC, and Kabuki, LLC (the "Bankrupt Entities") filed for

bankruptcy in the U.S. Bankruptcy Court for the Middle District of Louisiana. (R. Doc. 1 at 2); (R. Doc. 1-1 at 2); (R. Doc. 1-2 at 2); (R. Doc. 1-3 at 2). The state court judge and all counsel were notified via email of the filing of the bankruptcy petitions on March 3, 2026 at 2:55 a.m., and the Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings was filed into the state court record and emailed to the state court judge and all counsel on March 3, 2026 at 6:40 a.m. (R. Doc. 9 at 5).

At the March 3, 2026 hearing at 9:00 a.m., Plaintiff's counsel, the only party who attended the hearing, noted the bankruptcy and orally moved to dismiss the Bankrupt Entities from the action. (R. Doc. 9 at 5). The Bankruptcy Entities were dismissed, and the judge denied the exceptions of improper venue and no cause of action and granted the preliminary injunction enjoining Sarwat Gad, Connie Hargrave, and Brandon Hargrave from "taking any actions that infringe upon [Plaintiff's] membership rights in the Tsunami Entities." (R. Doc. 9 at 5).

The state court issued a rule to show cause setting Plaintiff's request that Defendants be cast with costs for the hearing on May 4, 2026, but the hearing was subsequently removed from the state court's docket and continued without date at Plaintiff's request. (R. Doc. 9 at 4).

On March 9, 2026, Notices of Removal were filed on behalf of each Bankrupt Entity in state court and federal court, and email notices of the same were sent to all counsel. (R. Doc. 9 at 6). In the Notices of Removal, Defendants assert this Court has jurisdiction as the relief sought by Plaintiff in state court is either property of the debtor's estate or directly effects the debtor's estate within the meaning of 11 U.S.C. § 541. (R. Doc. 1 at 2).

The state court judge signed a Judgment on all matters taken up at the March 3, 2026 hearing on March 17, 2026. (R. Doc. 9 at 6). On April 6, 2026, the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana issued a Notice of Judgment regarding the

March 17, 2026 signing of the Judgment. (R. Doc. 9 at 6). Further, on April 6, 2026, the State court Judge issued a Notice of Status Conference set for May 4, 2026. (R. Doc. 9 at 6).

## II. Law and Analysis

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). "[Federal courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am*., 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Furthermore, a federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Abdalmatiyn v. Harrison*, No. 13-1935, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs*., 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.")); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Removal of claims pursuant to 28 U.S.C. § 1452 is proper "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

Under Section 1334(c)(2), "courts must abstain from hearing a state law claim if the following requirements are met: (1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997). Only if this proceeding is a "non-core proceeding" does the mandatory abstention doctrine apply. *See Matter of Gobe*r, 100 F.3d 1195, 1206 (5th Cir. 1996) ("Mandatory abstention applies only to non-core proceedings—that is, proceedings 'related to a case under title 11,' but not 'arising under title 11, or arising in a case under title 11.'"); *Nase v. TECO Energy, Inc.*, 2010 WL 924290 at * 3 ("In the context of removal and remand, the Fifth Circuit has equated 'related to' bankruptcy jurisdiction with non-core proceedings.").

Having reviewed the Notice of Removal and the state court record, the Court finds it appropriate to require additional briefing as to whether the Court may properly exercise jurisdiction over the instant matter. The Courts requires the parties to specifically address (1) whether the voluntary dismissal of the Bankrupt Entities in the state court proceeding was proper, (2) whether removal following that dismissal was proper, and (3) the effect of the dismissal of Kabuki, LLC, Hairando, LLC, and Dai Yon, LLC's respective Chapter 11 bankruptcy cases and the subsequent termination of the automatic stay.[1]

[1] Kabuki, LLC (Case No. 26-10173, R. Doc. 225); Hairando, LLC (Case No. 26-10174, R. Doc. 239); Dai Yon, LLC (Case No. 26-10175, R. Doc. 236).

## III. Conclusion

In light of the foregoing,

**IT IS ORDERED** that Defendants and Plaintiff shall file separate memoranda addressing jurisdiction within **14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on September 23, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**